UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CLYDE WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3: 24-cv-3339-CRL-DJQ |
| | ) | |
| JASON SLOWMAN, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Pursuant to oral motions made on October 10, 2025, all Defendants seek dismissal for Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). It is recommended that the oral motions be GRANTED, and the case be DISMISSED with prejudice.

**I.      Procedural Background**

On December 4, 2022, Plaintiff Wallace filed a *pro se* Complaint against Detective Slowman, ASA Dion, ASA McCarthy, Detective Dahlcamp, Forensic Scientist Majkowski, the City of Springfield, the State of Illinois, and unknown Defendants. (Doc. 1). Because Plaintiff never served ASA Dion and ASA McCarthy, the Court entered an Order dismissing the Counts against them on September 4, 2025. (9-4-25 Order).

Plaintiff initially participated in the case to include participating in a scheduling conference on July 11, 2025. However, since that time, Defense Counsel report that he has not engaged in discovery, and he failed to attend telephonic status hearings on September 12, 2025, September 19, 2025, and October 10, 2025. On September 19, 2025,

Plaintiff was warned that if he failed to participate on October 10, 2025, "he runs the risk of having his case dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure." (9-19-25 Order). The Clerk mailed Plaintiff copies of all relevant orders and none were returned. On October 10, 2025, after Plaintiff failed to attend, all Defendants orally moved for dismissal for failure to prosecute.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A case should not be dismissed for failure to prosecute unless the plaintiff was given warning of the possible dismissal. *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). Any sanction, to include the harsh one of dismissal, must be proportionate to the circumstances. *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2006).

## III. Analysis

Plaintiff has shown an unwillingness to continue with his case. He has not engaged in the discovery process and he has failed to attend three consecutive status hearings to which he had notice. He was directly warned that his continued failure to participate in a status conference could result in dismissal. Accordingly, dismissal is a proportionate sanction.

## IV. Conclusion

The Court recommends the Defendants oral motions for dismissal for failure to prosecute be GRANTED and the case be DISMISSED with prejudice.

ENTERED: October 10, 2025.

                                                         s/Douglas J. Quivey
                                                         DOUGLAS J. QUIVEY
                                   UNITED STATES MAGISTRATE JUDGE